# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | 3: 09-cv-00123-LRH-RAM |
| ) | |
| vs. ) | |
| ) | ORDER |
| HOWARD SKOLNICK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, an inmate at Northern Nevada Correctional Center, is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act and the Rehabilitation Act. Plaintiff paid the filing fee in this action on May 29, 2009.

On June 12, 2009, the court entered a screening order in this case in which it dismissed without prejudice plaintiff's claim under the Americans with Disabilities Act (Docket #7). In the order, the court explained in part as follows:

> Title II of the Americans with Disabilities Act ("ADA") provides that No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.
>
> 42 U.S.C. § 12132. Because Title II of the ADA was modeled after § 504 of the Rehabilitation Act of 1973, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act." *Zukle v. Regents of the University of California*, 166 F.3d 1041, 1045, n. 11 (9th Cir. 1999). To establish a claim under the ADA and RA, plaintiff must demonstrate that (1) he is a person with a disability; (2) that he is otherwise qualified; and that the defendants' actions either (3) excluded his participation or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap. *See Duffy v. Riveland*,

98 F.3d 477, 455 (9th Cir. 1996). The ADA defines "disability," in pertinent part, as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2). Diabetes is a "physical impairment" because it affects the digestive, hemic and endocrine systems, and eating is a "major life activity." *Fraser v. Goodale*, 342 F.3d 1032, 1038-40 (9th Cir.2003).

The term "public entity" is defined under Title II as any state or local government or any department, agency, or other instrumentality of state or local government. 42 U.S.C. § 12131(1)(A), (B). Individuals are not proper defendants under Title II of the ADA. *See EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276 (7th Cir. 1995); *see also Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *Gallo v. Bd. of Regents of the University of California*, 916 F. Supp. 1005, 1009 (S.D. Cal. 1995). In the present case, the court finds that plaintiff has named only individuals as defendants in this action. Because individuals are not proper defendants under Title II of the ADA, the court finds that the complaint does not state a claim under that act. The court must therefore dismiss plaintiff's ADA claim. The court will, however, give plaintiff an opportunity to file an amended complaint.

On June 25, 2009, plaintiff filed a motion for reconsideration of the court's order of June 12, 2009 (Docket #9). Plaintiff asks the court to reconsider the dismissal of his ADA claim, arguing that he has sued individual defendants in their official capacities and that this is the equivalent of suing the institution which employs them. The court finds no merit to this argument, and thus finds no basis for reconsideration of its prior order.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration filed June 25, 2009, (Docket # 9) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff is **GRANTED** thirty (30) days from the date of service of this order to file an amended complaint, should he wish to do so.

DATED this 10th day of July, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE